Case 2:18-cv-00231 Document 15 Filed on 12/07/18 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE GONZALES III, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-231 |
| | § | |
| LORI DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Jose Gonzales, III, is a state prisoner incarcerated at the Allred Unit in Iowa Park, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2012 Nueces County conviction for capital murder and burglary of a habitation with intent to commit a felony. (D.E. 1 and D.E. 8-30, Pages 73-74). Pending is Respondent's Motion for Summary Judgment and Petitioner's Response. (D.E. 13 and D.E. 14). For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred.[1] It is further recommended that a Certificate of Appealability be **DENIED**.

---

[1] Also pending is Petitioner's Motion to Exceed Page and Exhibit Length. (D.E. 3). This Motion is **GRANTED** to the extent the Petitioner requests the Court consider his entire petition and supporting memorandum. (D.E. 1 and D.E. 2).

### I. JURISDICTION

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces County, Texas. Therefore, this matter was properly before this Court at the time of filing. 28 U.S.C. § 124(b)(6).

### II. BACKGROUND

On December 6, 2012, Petitioner, after a jury trial, was convicted of capital murder and burglary of a habitation with intent to commit a felony (aggravated assault) and sentenced to concurrent life sentences. (D.E. 8-30, Pages 73-74). The Thirteenth Court of Appeals affirmed Petitioner's convictions on August 14, 2014. *Gonzales v. State*, 13-13-00011-CR, 2014 WL 4055709, at *2 (Tex. App.—Corpus Christi Aug. 22, 2014, pet. ref'd); (D.E. 8-5). On February 17, 2015, Petitioner filed a *pro se* Motion for Extension of Time to file a petition for discretionary review ("PDR") which was granted the same day. *See* Texas Court of Criminal Appeals, Case Search: Style: "Gonzales, Jose," available at http://search.txcourts.gov/Case.aspx?cn=PD-0179-15&coa=coscca (last visited Dec. 4, 2018). After this time, Petitioner filed a PDR which was struck for noncompliance. *Id.*; (D.E. 8-18). On August 5, 2015, Petitioner filed a PDR which the Texas Court of Criminal Appeals ("CCA") refused on October 14, 2015. *Id.*; (D.E. 8-24). Petitioner filed a motion for rehearing on November 2, 2015, which was rejected the

same day for noncompliance. *Id*. He filed a second motion for rehearing on November 24, 2015, which was rejected the same day as untimely filed. *Id*.

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on January 12, 2016, when the time for filing a petition for writ of certiorari expired 90 days after his PDR was refused on October 14, 2015. *See* 28 U.S.C. § 2244(d)(1)(A); *England v. Quarterman*, 242 F. App'x 155, 158 (5th Cir. 2007) ("[A] noncomplying motion for rehearing did not suspend the finality of the state court's judgment…[t]he time to file for certiorari…[should] be calculated from the date of the denial of the PDR, not the date of rejection of the motion for rehearing) (citation omitted); *Bradshaw v. Davis*, 736 F. App'x 457, 459-61 (5th Cir. 2018).

Approximately eight months later, on September 27, 2016, Petitioner signed his state habeas application, which was received on October 7, 2016. (D.E. 8-42, Pages 4 and 29). The CCA denied his application without written order on findings of the trial court without a hearing on February 28, 2018. (D.E. 8-37). Just over five months later, on August 1, 2018, Petitioner filed the pending federal habeas petition. (D.E. 1, Page 18). On November 12, 2018, Respondent filed the pending for Summary Judgment. (D.E. 13). On December 6, 2018, Petitioner filed a response.

### III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

    (A)    the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on January 12, 2016, when the time for filing a petition for writ of certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A); *England*, 242 F. App'x at 158. *Bradshaw*, 736 F. App'x at 459-61. As such, Petitioner had one year, until January 12, 2017, to timely file a federal application for habeas corpus relief. However, Petitioner's state habeas application tolled this period from September 27, 2016 to February 28, 2018, a total of 520 days. (D.E. 8-42 to D.E. 8-37). Therefore, Petitioner's deadline to file a federal

habeas petition expired on June 15, 2018. However, Petitioner failed to file the pending federal habeas petition until August 1, 2018, approximately 46 days too late. 28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner asserts he was never sent the February 28, 2018 final ruling on his state habeas petition and therefore, he did not know about it until three months after it was entered, which would be in May 2018, when his brother

downloaded the decision from the CCA website. (D.E. 1, Page 17). While a "delay in receiving notification of the denial of a state habeas application may qualify for equitable tolling," "equitable tolling should only be applied if the applicant diligently pursues §2254 relief." *Hicks v. Quarterman*, No. H-06-2208, 2007 WL 79706, at *5 (S.D. Tex. Jan. 8, 2007) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (other citation omitted)). Petitioner did not diligently pursue his rights as he waited over eight months after his conviction was final to file his state habeas application. *Id*. (citations omitted); *Schmitt v. Zeller*, 354 F. App'x 950, 951-52 (5th Cir. 2009) ("Schmitt's filing the state petition after squandering most of the year available under Section 2244 is a factor in deciding whether equitable tolling should be allowed for problems that arise in later filing the federal petition. Leaving little margin for error is incautious and not diligent."); (D.E. 13, Pages 13-16). Additionally, while Petitioner alleges he should be given additional time because of "random [prison] lockdowns" and limited law library access, "[e]vents like lockdowns are common occurrences for prisons and do not constitute extraordinary circumstances" and even if they did, Petitioner "has not demonstrated he diligently pursued his claims." *Austin v. Davis*, No. H-15-3424, 2016 WL 3620791, at *3 (S.D. Tex. June 28, 2016) (Incarceration and ignorance of the law do not otherwise excuse failing to file a timely petition and are not grounds for equitable tolling) (citations omitted); (D.E. 14, Page 3); *Bourne v. Davis*, No. 4:17-cv-161-A, 2017 WL 4402527, at *2 (N.D. Tex. Sept. 29, 2017) (Inability to obtain more access to the law library, intermittent lockdowns, limited access to legal materials, difficulty obtaining state court records, and lost and/or confiscated personal property are common problems

incident to ordinary inmate status and do not warrant equitable tolling) (citations omitted).

Further, even if Petitioner's allegation is true, it demonstrates he knew of the state habeas court's final decision in May 2018, before the limitations period to file for federal review ran on June 15, 2018 and yet waited over two months to file his federal habeas petition. *Simmons v. Johnson*, 210 F.3d 368 (5th Cir. 2000) (Equitable tolling was not warranted where petitioner waited more than a month after receiving notice of the denial of state post-conviction relief to file his § 2254 petition); *Freeman v. Davis*, No. H-17-2343, 2018 WL 4496307, at *6 (S.D. Tex. Sept. 17, 2018) (Petitioner did not diligently pursue relief letting more than two months pass after his conviction became final before seeking state habeas relief and then waiting two months after he received allegedly delayed notice of its denial before filing a federal petition). Therefore, Petitioner offers no sufficient explanation for his delays in filing his state application and this federal petition and as such, the undersigned recommends Petitioner has not demonstrate he acted diligently in pursuing habeas relief in both federal and state courts and, accordingly, he is not entitled to equitable tolling based on the CCA allegedly failing to notify him of the denial of his state habeas application or for the other difficults listed as a result of his inmate status.

Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. The record discloses no other basis to extend the

limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred as it was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

To the extent Petitioner asserts in response that his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard. (D.E. 14, Page 5). "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000) (other citations omitted). However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any evidence in his petition or his response showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim other than his own conclusory allegations.

Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 13) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED as time barred**. It is further recommended that a certificate of appealability be **DENIED**.

ORDERED this 7th day of December, 2018.

                                                  Jason B. Libby
                                         United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).