United States District Court
Southern District of Texas
**ENTERED**
October 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE GONZALES III, | § |
| | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 2:18-CV-231 |
| | § |
| LORIE DAVIS, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jose Gonzales III is an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") and is currently incarcerated at the Allred Unit in Iowa Park, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 1, 2018. (D.E. 1). The subject of the petition is a 2012 Nueces County conviction for capital murder and burglary of a habitation with intent to commit a felony.[1]

On December 7, 2018, the undersigned entered an M & R recommending the Court grant Respondent's Motion for Summary Judgment, dismissing Petitioner's case as time barred. (D.E. 15). The M & R was adopted and final judgment was entered on May 13, 2019. (D.E. 18 and D.E. 19). Petitioner

---

[1] The undersigned's December 7, 2018 Memorandum and Recommendation ("M & R") contains a detailed factual and procedural background and will not be repeated here at length. (D.E. 15, Pages 2-3).

appealed this decision on June 6, 2019. (D.E. 22). The United States Court of Appeals for the Fifth Circuit denied his request for a certificate of appealability on May 8, 2020, finding Petitioner failed to make "a substantial showing of the denial of a constitutional right." (D.E. 26); 28 U.S.C. § 2253(c)(2). The Fifth Circuit determined Petitioner failed to sufficiently explain the untimeliness of his § 2254 petition. (D.E. 26, Page 2). Petitioner's Motion for Reconsideration and Petition for Rehearing were both denied on June 11, 2020. *Jose Gonzales, III v. Lorie Davis*, No. 19-40527 (5th Cir. June 11, 2020) (Order).

On September 4, 2020, Petitioner filed a "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)." (D.E. 27). For the reasons stated below, the undersigned **RECOMMENDS** the Court **DENY** Petitioner's Motion.

Under Rule 60(b)(6), the Court may relieve a party from a final judgment for any reason that justifies relief. Reviewing all Petitioner's arguments in light of Federal Rule of Civil Procedure 60(b), the undersigned recommends to the Court that Petitioner is not entitled to relief. As determined by the Fifth Circuit, Petitioner entirely fails to provide a sufficient reason for the untimeliness of his § 2254 petition, raising the same arguments as he did in his petition, response to the motion for summary judgment and in his appeal. Petitioner has not shown exceptional circumstances justifying relief from judgment. In short, it appears he

is impermissibly attempting to use Rule 60(b) to remedy his own failure to file a timely § 2254 petition based on legal arguments of which he has long been aware and which have previously been considered and denied by not only this Court but also the Fifth Circuit.

For the reasons stated above, the undersigned **RECOMMENDS** the Court **DENY** Petitioner's Motion for Relief from Judgment. (D.E. 27).

Respectfully submitted this 6th day of October 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).